# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 16-1635V
(Not to be Published)

```
* * * * * * * * * * * * * * * * * * * * * * * * *
E.L., by his parents NICOLE BAILEY and    *    Special Master Oler
TRAVIS LEE,                               *
                                          *    Filed: February 1, 2019
              Petitioner,                 *
       v.                                 *    Petitioner's Motion for a Decision;
                                          *    Dismissal of Petition; Vaccine
SECRETARY OF HEALTH                       *    Act; Denial Without Hearing.
AND HUMAN SERVICES,                       *
                                          *
              Respondent.                 *
                                          *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

*Lawrence R. Cohan*, Anapol Weiss, Philadelphia, PA, for Petitioner.

*Claudia Barnes Gangi*, U.S. Dep't of Justice, Washington, D.C. for Respondent.

## DECISION DISMISSING CASE FOR INSUFFICIENT PROOF[1]

On December 13, 2016, Petitioners, Nicole Bailey and Travis Lee, filed a petition on behalf of their son, E.L., seeking compensation under the National Vaccine Injury Compensation Program,[2] alleging that E.L. developed idiopathic thrombocytopenic purpura ("ITP") as a result of

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

the MMR and Tdap vaccinations that he received on January 10, 2014.[3] Petition ("Pet.") at 1, ECF No. 1.

Petitioners filed their second Statement of Completion on April 5, 2017. ECF No. 14. Respondent filed his Rule 4(c) Report ("Resp't's Report") on June 16, 2017, contesting Petitioners' right to compensation and requesting dismissal of the claim. Resp't's Report at 2, ECF No. 18.  In particular, Respondent argued there was not sufficient evidence to suggest that "E.L. suffered the residual effects of his ITP for more than six months after the administration of the vaccines," as required by Section 11(c)(1)(D). *Id*.  Respondent asserted that E.L.'s ITP was last documented on February 20, 2014, and that the symptoms had resolved prior to July 10, 2014 (six months after the vaccine administration date of January 10, 2014). *Id*. at 4.  Furthermore, Respondent noted that though records indicated E.L. had "'few' petechiae and ecchymosis on December 17, 2014," Petitioners denied that E.L. was easily bruising or bleeding at that visit. *Id.*

Special Master Hastings issued an Order on June 19, 2017, directing Petitioners to file a response to Respondent's Report addressing the "six-month requirement" issue. ECF No. 20. Petitioner filed a response to Respondent's Rule 4(c) Report on July 6, 2017, addressing the issue of whether E.L.'s injury had met the six-month severity requirement. ECF No. 21.  Petitioners argued that E.L.'s petechiae and bruising were clinical manifestations of ITP and that E.L. was suffering from ITP during the December 17, 2014 physician's appointment. *Id*. at 6.  Petitioners argued that E.L. presented with petechiae and bruising on December 17, 2014, and that a blood test was not conducted. *Id*.

On October 4, 2017, this case was reassigned to Special Master Corcoran (ECF No. 4), and on October 26, 2017, Petitioners filed a status report requesting a status conference. ECF No. 25. Special Master Corcoran held a status conference on November 7, 2017. *See* Minute Entry for 11/07/2017.  Following that conference, Special Master Corcoran set a deadline for Petitioners' expert report, which should "address Respondent's objections to the six month issue." *See* Non-PDF Order for 11/07/2017.  Special Master Corcoran also directed Respondent to file a status report "proposing how the case should proceed on the six month issue as well as the causation issue." *Id*.

Petitioners filed their expert report, by Dr. Edwin Forman, on January 22, 2018. ECF No. 29.  Petitioners' expert asserted that the notations from December 17, 2014 indicate that E.L. was suffering from ITP for more than six months after vaccination. *Id.*  On February 6, 2018, Respondent filed his status report, maintaining that Petitioners' expert report still did not provide

---

[3] This case was initially assigned to now-retired Special Master Hastings (ECF No. 4), reassigned to Special Master Corcoran on October 4, 2017 (ECF No. 24), and then reassigned to my docket on December 6, 2017 (ECF No. 27).

evidence suggesting that E.L. suffered from ITP for more than six months. ECF No. 30. Respondent argued that the petition should be dismissed. *Id*.

After a single extension of time, Respondent filed his expert report on June 14, 2018. ECF No. 32. Respondent's expert also questioned the contradicting notations of petechiae rash and ecchymosis from December 17, 2014. *Id*.

I held a status conference on September 10, 2018. *See* Minute Entry for 9/11/2018. Following that status conference, an Order was issued on September 11, 2018, directing Petitioners to present Dr. Chinwe Ojukwu, E.L.'s treating physician, with specific questions regarding the December 17, 2014 medical visit and his notes from that visit. ECF No. 33. The specific questions for Dr. Ojukwu were included in that Order and a copy of the applicable records were attached. *Id*. Petitioners were ordered to file Dr. Ojukwu's responses to these questions by October 25, 2018. *Id*.

On October 29, 2018, Petitioner filed a request for an extension of time to file Dr. Ojukwu's responses, representing that they had been unable to contact Dr. Ojukwu regarding the questions in my September 11, 2018 Order. ECF No. 34. In an Order issued on October 30, 2018, Petitioners were granted an additional forty-five (45) days to file Dr. Ojukwu's responses. ECF No. 35.

Petitioners filed responses from Dr. Ojukwu on December 6, 2018. ECF No. 36. In those responses, Dr. Ojukwu articulated that E.L. did not present on December 17, 2014 with symptoms of ITP and, had he presented with symptoms on that date, Dr. Ojukwu would have ordered a platelet test. *Id*. He further clarified that the notations referring to "few petechiae" and "few ecchymosis" were in error and were residual notations from E.L.'s January 10, 2014 visit. *Id*. Dr. Ojukwu confirmed that, on December 17, 2014, E.L. did not have ITP. *Id*.

In light of Dr. Ojukwu's responses, on December 10, 2018, Petitioners were directed to file either: 1) medical records and a brief articulating how Petitioners meet the six-month severity requirement, or 2) a motion for a dismissal decision. ECF No. 37. On January 7, 2019, Petitioners filed a Motion for Extension of Time, indicating that they were considering dismissal of the claim. ECF No. 38.

On January 24, 2019, Petitioners filed the present motion to dismiss their claim, indicating that "[a]n investigation of the facts and science supporting [their] case has demonstrated to [Petitioners] that [they] will be unable to prove that [they are] entitled to compensation in the Vaccine Program." *See* Petitioners' Motion to Dismiss, ECF No. 39.

To receive compensation under the Vaccine Program, a petitioner must prove either (1) that he suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table –

corresponding to one of his vaccinations, or (2) that he suffered an injury that was actually caused by a vaccine. *See* Sections 13(a)(1)(A) and 11(c)(1). Moreover, under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on his claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent medical expert. Section 13(a)(1). In this case, however, there is insufficient evidence in the record for Petitioner to meet his burden of proof. Petitioner's claim therefore cannot succeed and in accordance with his motion, must be dismissed. Section 11(c)(1)(A).

**Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

<u>s/ Katherine E. Oler</u>
Katherine E. Oler
Special Master